FILED
03 JUL 14 PM 3:49

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **PEERLESS COATINGS, INC.** | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. CV-03-S-1102-NE |
| **WALTER M. DAVES, JR.,** | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This action is before the court on defendant's motion to dismiss and/or transfer venue (doc. no. 3). Upon consideration of the motion and response, the court finds that the motion should be denied.

On May 11, 2000, defendant entered into a stock purchase agreement (hereinafter "the Agreement") with plaintiff, whereby defendant sold 100% of the stock in Piedmont Paints and Primers, Inc. ("Piedmont") to plaintiff.[1] Defendant, his attorney, and his accountant flew from Toccoa, Georgia, to Birmingham, Alabama, to close the sale at the offices of plaintiff's attorney.[2] Section 13.4 of the Agreement provides:

> **Section 13.4 Special Indemnification**. In addition to the provisions of Section 13.2, Seller hereby covenants and agrees to protect, defend and indemnify the Indemnified Purchaser Parties, and to hold all of them harmless, against and with respect to any and all loss, liability, damage and expense (including, without limitation, all actions, suits, proceedings, claims, demands, assessments, judgment, costs, fines, expenses, injunctions and penalties, and any an all reasonable legal and accounting fees incident to any of the foregoing) suffered or incurred with respect to any of the following matters:
> . . . .
> (f)   any product shipped or manufactured by, or any services provided by, the Company prior to Closing.[3]

At the time of the stock sale, Piedmont owned and operated a manufacturing plant in Toccoa,

---

[1] *See* Brief in Support of Motion to Dismiss and/or to Transfer Venue (doc. no. 6) at 1.

[2] *See* Affidavit of Walter M. Daves (attached as Exhibit A to Brief in Support of Motion to Dismiss and/or Transfer Venue).

[3] Complaint (doc. no. 1) at 2, ¶ 6.

Georgia, which produced chemical coatings.[4] Plaintiff alleges that, prior to closing, Piedmont shipped products to Evans Cabinet Corporation which Evans claims were defective.[5] According to plaintiff, defendant has refused to indemnify it for its damages associated with the Piedmont product.[6]

Plaintiff filed this declaratory judgment action, asserting diversity jurisdiction, seeking a declaration of the rights, duties, and obligations of the parties under the Agreement and an injunction ordering defendant to indemnify it against the claims of Evans Cabinet Corporation.[7] Defendant moves to dismiss, alleging that the court does not have personal jurisdiction and, alternatively, seeks transfer to the Northern District of Georgia.[8]

A federal court sitting in diversity may exercise jurisdiction over a nonresident defendant to the same extent as a court of the forum state. *See Ruiz de Molina v. Merritt & Furman Insurance Agency, Inc.*, 207 F.3d 1351, 1355 (11th Cir. 2000). Alabama courts may exercise jurisdiction over nonresidents to the fullest extent allowed under the Due Process Clause of the Fourteenth Amendment. Ala. R. Civ. P. 4.2(a)(2)(I); *Martin v. Robbins*, 628 So.2d 614, 617 (Ala. 1993). The Due Process Clause permits a court to summon a nonresident to defend himself in a state forum, so long as that person has some "minimum contacts" with that state, and the exercise of personal jurisdiction over the defendant would not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L.Ed. 95 (1945). The nonresident defendant's contacts with the forum state must be such that he has "fair warning" that a particular activity may subject him to the jurisdiction of a foreign sovereign. *Burger*

---

[4] *See* Brief in Support of Motion to Dismiss and/or to Transfer Venue at 1.

[5] *See* Complaint at 2, ¶ 8.

[6] *See* Plaintiff's Memorandum in Opposition to Motion to Dismiss and/or Transfer Venue (doc. no. 5) at unnumbered page 2.

[7] Plaintiff also has filed a motion for leave to amend its complaint to add a breach of contract claim. That motion is addressed in a separate order of the court.

[8] In the two-page motion to dismiss and/or to transfer venue (doc. no. 3), defendant presents a laundry list of alleged defects: lack of personal jurisdiction over defendant, improper venue, failure to state a claim, insufficiency of process, insufficiency of service of process and forum non conveniens. Defendant later filed a more detailed brief in support of his motion to dismiss and/or to transfer venue (doc no. 6). Only the attack to personal jurisdiction and improper venue will be addressed in detail within this Order, as the other grounds for defendant's motion are meritless.

*King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 2182, 85 L.Ed.2d 528 (1985). "It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 787 S. Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

Defendant maintains that plaintiff's claims arise out of the alleged defective chemical coatings manufactured in Georgia and delivered to a cabinet manufacturing plant or plants in Georgia. According to defendant, there is no evidence that he purposefully directed his activities such that he should reasonably anticipate being haled into court in Alabama. The court disagrees. This is not a lawsuit about a defective product. This lawsuit involves interpreting the indemnity clause contained in the Agreement. The sale of stock closed in Alabama. Defendant chose to do business with an Alabama resident and benefitted from the sales transaction. Pursuant to the Agreement, defendant agreed to indemnify an Alabama corporation, which makes it reasonably foreseeable that defendant could be haled into an Alabama court in the event of a breach of the contract. These facts are sufficient to establish that defendant purposefully availed himself of the opportunity to engage in a business transaction with an Alabama resident in Alabama. *See Ruiz de Molina*, 207 F.3d at 1357. Thus "minimum contacts" with the state of Alabama have been established.

Further, traditional notions of fair play and substantial justice are not offended by allowing this action to proceed in the Northern District of Alabama. The burden is on the defendant to show that the imposition of jurisdiction is unreasonable. *See id.* at 1358. The factors to be considered are: (1) the defendant's burden; (2) the forum state's interest; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in further fundamental social policies. *Id.* (citing *Burger King*, 471 U.S. at 477, 105 S.Ct. 2174; *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564-65, 62 L.Ed.2d 490; *Madara v. Hall*, 916 F.2d 1510, 1517). Defendant fails to show how jurisdiction in this court is unreasonable considering the foregoing factors.

Defendant next challenges venue in this court and argues that the action should be transferred to the Northern District of Georgia. Venue in a diversity action is determined in accordance with

3

28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Plaintiff relies on 28 U.S.C. § 1391(a)(2) to establish venue. As previously noted, the pertinent events giving rise to this lawsuit surround the execution of a stock purchase agreement and the parties' respective obligations under that agreement. If proven, the damage caused by defendant's failure to indemnify plaintiff occurred in Alabama. The closing of the Agreement occurred in Alabama after negotiations that occurred over the phone for over one year.[9] Thus, a substantial part of the events giving rise to the claim occurred in Alabama. *See, e.g., Jenkins Brick Co. v. Bremer*, 321 F.3d 1366 (11th Cir. 2003).

Finally, defendant asks the court to exercise its discretion and transfer this matter to the Northern District of Georgia for the convenience of the parties and witnesses. Change of venue based on convenience is governed by 28 U.S.C. § 1404, which provides, in pertinent part, as follows:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

When considering a motion to transfer venue pursuant to §1404(a), the burden is on the moving party to establish the propriety of the transfer. *See In re Ricoh Corp.*, 870 F.2d 570 (11th Cir. 1989). Defendant fails to meet this burden. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843, 91 L. Ed. 1055 (1947); *In re Ricoh Corp.*, 870 F.2d at 572. Defendant incorrectly focuses upon the events underlying a lawsuit for a defective product that may be filed in relation to product shipped to Evans Cabinet Corporation. As this lawsuit involves the

---

[9] *See* Affidavit of Walter M. Daves (attached as Exhibit A to Brief in Support of Motion to Dismiss and/or Transfer Venue) at 2-4.

interpretation of the indemnity clause contained in the Agreement between plaintiff and defendant, the Northern District of Alabama is the appropriate forum.

Accordingly, defendant's motion to dismiss and/or transfer venue should be denied. An appropriate order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this **14th** day of July, 2003.

_____
United States District Judge